914 F.2d 1491
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
INTERIM INVESTORS COMMITTEE HOLDING CLAIMS AGAINST FINANCIAL
& BUSINESS SERVICES, INC., individually, collectively, and
derivatively on behalf of Financial and Business Services,
Inc., Plaintiff--Appellee,
v.
Joseph J. PAVLICO; Michelle Pavlico, Defendants-Appellants,
and
Arthur B. JACOBY; Elizabeth Jacoby; Donald F. Billhardt;
Raymond J. Zeman; Capital Systems Corporation;
John Doe, I through XX; NCNB National
Bank of North Carolina,
Garnishee, Defendants.
 No. 88-2910.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 23, 1990.
Decided Sept. 24, 1990.
Rehearing and Rehearing In Banc Denied Oct. 22, 1990.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. James B. McMillan, Senior District Judge. (C/A No. 87-101-C-C-M).
 Joseph J. Pavlico, Michelle Pavlico, appellants pro se.
 Thomas B. Henson, Robert Walker Fuller, III, Robinson, Bradshaw & Hinson, P.A., Charlotte, N.C.; Travis Waterbury Moon, Rayburn, Moon & Smith, P.A., Charlotte, N.C., for appellees.
 W.D.N.C., 90 BR.777.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Joseph and Michelle Pavlico appeal an order of the district court affirming the bankruptcy court's entry of summary judgment in favor of the Interim Investors Committee ("Committee"). On appeal, the Pavlicos argue that the Committee did not have standing to assert the claims upon which it was granted summary judgment, and that the bankruptcy court abused its discretion in striking the affidavits they submitted on the eve of the summary judgment hearing. We find no error, and hence affirm.
 
 I.
 
 2
 The Committee clearly had standing as the legal representative of a defrauded seller of securities to bring its claims under Sec. 10(b) of the Securities Exchange Act, 15 U.S.C. Sec. 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. Sec. 240.10b-5, on which the district court granted summary judgment. Superintendent of Insurance v. Bankers Life & Casualty Co., 404 U.S. 6 (1971); Rochelle v. Marine Midland Grace Trust Co., 535 F.2d 523 (9th Cir.1976); International Controls Corp. v. Vesco, 490 F.2d 1334 (2d Cir.), cert. denied, 417 U.S. 932 (1974); Zabriskie v. Lewis, 507 F.2d 546 (10th Cir.1974). Additionally, under North Carolina law, the debtor, FBSI, and therefore the Committee, had standing to sue the defendants below for breach of the trust agreements. FBSI was an intended third-party beneficiary of the agreements because their purpose was to induce investment in FBSI. See Snyder v. Freeman, 300 N.C. 204, 266 S.E.2d 593, 603-04 (1980).
 
 
 3
 The Pavlicos also contend that the Committee did not have standing to bring claims under Sec. 12(2) of the Securities Act, 15 U.S.C. Sec. 771(2), because only a purchaser of securities may bring such claims. Though this argument may have some merit under different circumstances, it does not warrant a reversal in this case.
 
 
 4
 First, the entire judgment of $5,937,080 also rests upon two independent and clearly valid bases--the 10b-5 and trust agreement claims. Therefore, the Committee's standing to sue under Sec. 12(2) of the Securities Act is irrelevant to the validity of the judgment. Second, the bankruptcy court specifically found that extenuating circumstances existed in the case that warranted allowing the Committee to assert all of the claims contained in the complaint. Accordingly, the bankruptcy court, acting pursuant to 11 U.S.C. Secs. 105 and 1109, expressly authorized the Committee to bring this action. Finally, the defendants did not raise the Committee's standing as a defense until faced with a motion for summary judgment. The bankruptcy court ruled that this delay was unwarranted, worked to the prejudice of the Committee, and hence constituted a waiver of any representational defect. See Hefley v. Jones, 687 F.2d 1383 (10th Cir.1982). Any one of these reasons would suffice to uphold the bankruptcy court's order.
 
 II.
 
 5
 We also find that the bankruptcy court did not abuse its discretion by refusing to consider the Pavlicos' affidavits, filed on the eve of the summary judgment hearing, as an abuse of the discovery process. Four months prior to the filing of these affidavits, the Pavlicos invoked their fifth amendment right not to incriminate themselves and refused to answer any questions at their depositions. At the eleventh hour before the hearing, the Pavlicos presented affidavits and purported to waive their previously-asserted privilege. The bankruptcy court's exclusion of the affidavits properly remedied an abuse of the discovery process by not permitting the Pavlicos to surprise and prejudice the Committee on the eve of possible final adjudication after the Committee had diligently conducted its own discovery and had filed numerous affidavits and exhibits supporting its motion. See Gutierrez-Rodriguez v. Cartagena, 882 F.2d 553, 576 (1st Cir.1989); In re Grand Jury Subpoena, 836 F.2d 1468, 1477 (4th Cir.), cert. denied, 487 U.S. 1240 (1988). Cf. Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir.1984) (summary judgment may not be avoided by last-minute affidavit contradicting deposition testimony).
 
 
 6
 For these reasons, the order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED